## Charles Zimmerman, Jr., Plff. in Err., *v.* Township of Conemaugh.

A township is liable for damages actually sustained by reason of patent defects in a public bridge belonging to such township, which the supervisors of the township neglected to repair.

But there is no liability for latent defects, unless the supervisors exercising ordinary care had knowledge or notice of the defect, and a reasonable time had been allowed them to make the repairs.

Where a man's horses or cattle are injured upon a public bridge or highway, the burden is upon him to show that such bridge or highway was out of repair, and that the township was guilty of negligence, before he can recover damages for such injury.

Whether the neglect to keep the planks or floor of a bridge spiked down is such negligence as will entitle one injured by reason of the planks being loose, to recover damages therefor, depends upon whether bridges erected and maintained with unspiked floors are usually safe for the traveling public.

(Decided February 23, 1886.)

Error to the Common Pleas of Somerset County to review a judgment for defendant in an action for damages. Affirmed.

The facts of the case sufficiently appear in the charge to the jury given by the court below as follows:

This action is brought by the plaintiff, Charles Zimmerman,

Note.—For the burden of proof where negligence is alleged, see note to Schneider v. Pennsylvania Co. *ante*, 290.

The township is liable for damages resulting from defects in township bridges, though not for bridges maintained by the county under § 35 of the act of June 13, 1836 (P. L. 551). Rapho Twp. v. Moore, 68 Pa. 404, 8 Am. Rep. 202; Francis v. Franklin Twp. 179 Pa. 195, 36 Atl. 202; Newlin Twp. v. Davis, 77 Pa. 317. But it is liable only for the failure to exercise ordinary care and prudence. Coulter v. Pine Twp. 164 Pa. 543, 30 Atl. 490. And this is a question for the jury. Dalton v. Upper Tyrone Twp. 137 Pa. 18, 20 Atl. 637; Mechesney v. Unity Twp. 164 Pa. 358, 30 Atl. 263. If the defect is patent the township is presumed to have notice through its supervisor. Hager v. Wharton Twp. 200 Pa. 281, 49 Atl. 757. But, if latent, notice must be brought home. Rapho Twp. v. Moore, 68 Pa. 404, 8 Am. Rep. 202; Coulter v. Pine Twp. 164 Pa. 543, 30 Atl. 490. As in other negligence cases, it must be shown that the wrongful act was the proximate and natural cause of the injury. Yoders v. Amwell Twp. 172 Pa. 447, 51 Am. St. Rep. 750, 33 Atl. 1017; Bitting v. Maxatawny Twp. 177 Pa. 213, 35 Atl. 715.

See also the following editorial notes relating to liability for injuries resulting from defective highways: Liability of counties for torts and neg-

Jr., against Conemaugh township to recover damages sustained by him through an accident which occurred to his team, in the hands of certain young gentlemen to whom he had bailed or loaned it, on a bridge on the public highway of that township, and which accident, it is alleged, was caused by an omission or neglect on the part of the supervisors of that township to maintain and keep in repair for safe and convenient travel, the bridge over Kaufman's Tun. The action is well brought by the plaintiff, Zimmerman, who owned the property; and, although injured in the hands of the young men, they were his bailees. It is in proof that the road is a public highway, laid out by authority of law.

The act of assembly relating to roads or highways provides: "Public roads or highways laid out, approved, and entered on record, as aforesaid, shall, as soon as practicable, be effectually and constantly kept in repair; and all public roads or highways, made or to be made, shall, at all seasons, be kept clear of all impediments to easy and convenient passing and traveling, at the expense of the several townships, as the law shall direct."

Bridges in Pennsylvania are treated as parts of the highway which crosses them; and by statute the supervisors of the township are the persons whose duty it is to open and keep in repair the roads and bridges of the township; and, for neglecting to perform this duty, they are indictable in the court of quarter sessions. This, however, is not an indictment against the supervisors for neglecting to perform their duty, but an action brought against the township itself; a civil action to recover damages. In a suit brought by one sustaining damages by reason of defects in a bridge which the supervisors neglected to re-

ligence as to highways, note to Hughes v. Monroe County, 39 L. R. A. 33; personal liability of highway officers for negligence, note to Bates v. Horner, 22 L. R. A. 824; liability of those maintaining dangerous electric wires in highways, note to Denver Consol. Electric Co. v. Simpson, 31 L. R. A. 566; liability of street railway company for defects in highways, note to Groves v. Louisville R. Co. 52 L. R. A. 448; liability of abutting owner for materials falling into street, note to St. Louis, I. M. & S. R. Co. v. Hopkins, 12 L. R. A. 189; liability of municipal corporation for ice on streets or sidewalks, note to Hausmann v. Madison, 21 L. R. A. 263; liability in general for permitting water to accumulate and freeze on sidewalk, note to Brown v. White, 58 L. R. A. 321; liability of municipality for injuries caused by horse becoming frightened at object in highway, note to Bowes v. Boston, 15 L. R. A. 365.

pair, the township, upon the case being made out, is liable for the damages that were actually sustained.

The duty of the township, or of the supervisor, which is the same thing, is to do only the duty that is prescribed, *viz.,* open and keep in good repair, at all seasons, for safe, easy, and convenient traveling, the roads and bridges of the township; but, in doing so, they are required to exercise the care and diligence that a good road maker would exercise; and, if they construct or leave a road or bridge in such a condition as to be patently defective,—that is, with such defects as anyone, being there, may readily and easily see,—and from such patent defects an injury and damage result, the township is liable. But for defects which are latent—that is, hidden or unseen—there is no liability, unless the supervisor, exercising ordinary care, had knowledge or notice of the defect; and, where notice is required, there must be a reasonable time allowed him to make the repairs. If the defect or obstruction on the road or bridge arose so recently before the accident as to make it reasonable to suppose that the supervisor, if living somewhat remote from the place, could not have known it, then, to make the township liable, there must have been notice to the supervisor of the defect and a reasonable time to repair; but long lapse of time may supply or be equivalent to such notice, for, after a reasonable time has elapsed from the time the impediment or obstruction to safe travel appeared, or the road or bridge became unsafe and inconvenient to travel, it then becomes negligence on the part of the supervisor, if the impediment is not removed or the road or bridge repaired, because it is the duty of the supervisor to know of the defects, when they are patent to everybody else who travels the road; and this comes from his plain duty to examine his roads. A supervisor's duties are not ended by getting a force of hands once or even twice or thrice a year and going upon the roads to repair the roads and bridges. Watchfulness is required on the part of the supervisor. If a defect which caused an injury was palpable, easily seen, and dangerous, and had existed for a considerable time, knowledge by the supervisor would be presumed; the law would presume it; it would be constructive notice. But he is not presumed to know of a defect arising immediately or shortly before the accident occurred, if on a previous day he had examined it and no defect existed or was discovered by him.

The counsel of both plaintiff and defendant have submitted certain points, the answers to which, in addition to what we have already said, will sufficiently charge you on the law of this case.

In a case of this kind, where a man's team, horses, or cattle are injured upon a bridge or road, the burden is on him to show that the bridge was out of repair, and that the township was guilty of negligence. This burden is now on the plaintiff in this case, and you have heard his evidence as to what he relies on to show that the township was negligent.

Now, from the evidence on the one side, showing that that bridge was defective before the accident, and this evidence, which, if believed, shows that on the day of the accident the bridge was in good order, and yet corroborates the other evidence that there was a hole in it before, which had been covered over, it is your duty to determine what was the true status of that bridge when this accident occurred. In point of fact, there might have been a hole in the bridge three or four days before the accident, which would corroborate all the witnesses of the plaintiff; and yet possibly, according to the testimony of the witnesses of the defendant, it might have been repaired before the accident occurred.

After determining what was the condition of the approaches of the bridge at the time of the accident, the next question is: How did this accident occur? We have said to you that it is the duty of the plaintiff to prove negligence on the part of the township; so, when the township undertakes to absolve, excuse, or relieve itself from any damages here, by alleging a fault on the part of the driver or owner of the team, then the burden shifts on to the township, and it must show that there was contributory negligence on the part of the driver or owner of this team at the time this accident occurred. If a case of negligence is made out against the township, then the burden shifts on it to prove, if it wishes to relieve itself from the payment of damages, that there was contributory negligence on the part of the driver or owner of the team; and, in order to determine that, you must ascertain what occurred at the bridge at the time of the accident.

We say to you that, no matter how reckless these young men were anywhere else on the road, no matter how fast they drove down the hill towards the red bridge or through the red bridge or up to the Kaufman bridge, the question is: How did they drive

and act, and what did they do on the Kaufman bridge where the accident occurred? The manner of their driving just before they reached there may be an element in the case, in so far that one part of the defense is here that there was no evidence (it is for you to determine whether there is or not) as to whether this carriage was injured on that bridge or somewhere else; and, therefore, the manner in which they drove, up to the time they came to the bridge, may be considered by this jury. Notwithstanding, you will determine the question of this accident, as to any injury that occurred on the bridge, by the conduct of these men on the bridge.

It is hardly necessary for the court to say that bridges are built for the easy, safe, and convenient use of the traveling public. A bridge such as this, on a township road, over a stream, would not necessarily be built at the same expense, nor would it require the same skill in building, as the famous Brooklyn bridge. You must take into consideration all the surroundings and the use for which the bridge was intended by the community, in determining what sort of a bridge it should be. Whether or not bridges are built for the purpose of racing over them, we do not pretend to say; you know more about that than we do. Nor do we say that this bridge was raced over; you must determine whether it was driven over in careful manner, or whether these parties drove onto that bridge at a gallop.

We are asked by the counsel for the plaintiff to say to you:

First: If the jury believe that the horses, carriage, and harness of the plaintiff were injured by reason of a defect or unsoundness in the bridge, and if there was no contributory negligence on the part of the plaintiff or those in charge of the team, then the plaintiff is entitled to recover in this action to the full extent of the damages sustained.

Answer: This point we affirm, if you find that the supervisors were negligent in not repairing the bridge, otherwise not; for the township is not an insurer against all defects, latent and patent, but is liable for negligence only; and negligence is the absence of care, according to the circumstances.

Second: The burden of proving contributory negligence is on the defendant.

Answer: This is the law; the burden of proving that these young men were guilty of contributory negligence is on the township.

Third: Even if the jury believe that the team was driven rapidly on the bridge, yet that of itself was not contributory negligence, unless the jury are satisfied from the evidence that the fast driving contributed to the accident.

Answer: We affirm this point.

Fourth: It was negligence on the part of the township to neglect to fasten the planks on the bridge.

Answer: Whether not keeping the planks or floor of the bridge spiked down is negligence or not, depends upon whether a bridge like the one in controversy, erected and maintained with an unspiked floor, is safe for the traveling public. If a bridge so constructed and maintained, on a township road or highway, is not safe for convenient and easy passing and traveling, then not to have kept the planks spiked would be negligence on the part of the supervisors.

Fifth: Even if the jury believe that by proper efforts either or both of the horses could have been prevented from falling through the bridge, yet, if the parties acted at the time on the belief that their course was the best under the circumstances, then that does not militate against the plaintiff's claim.

Answer: That point we affirm.

The defendant's counsel ask us to charge the jury as follows:

First: That all that is required of the supervisors of a township is ordinary care in keeping the bridges in repair for the use of the traveling public; and, if the jury believe that the bridge was examined on the day before the alleged injury, and was considered safe for the passage of the traveling public, and that in point of fact people did cross it on the day before with loaded teams, then there was such care exercised by the defendant as will prevent a recovery by the plaintiff, and the verdict must be for the defendant.

Answer: Constant watchfulness on the part of the supervisors is a duty they owe to the public. Such a degree is required as is ordinarily sufficient, under similar circumstances, to avoid the danger and secure the safety needed, and is such care on their part as a prudent man would bestow upon business under like circumstances; and, if the jury, from the evidence, find that the supervisors used ordinary care in performing this duty, or, in other words, used ordinary care in keeping the bridge in repair for the traveling public, examined it the day before the alleged accident and found nothing defective, and upon such ex-

amination honestly considered it safe; and find that people did cross and travel over it on the day of the examination, a day before the accident, with loaded teams, and they had no knowledge of its becoming out of repair between the time of the examination and the accident,—then there was such care exercised by the defendant as will prevent a recovery, and the verdict should be for the defendant.

Second: That if, by the exercise of ordinary care, the parties who had charge of the plaintiff's horses and carriage could have avoided the accident complained of, the plaintiff cannot recover and the verdict must be for the defendant.

Answer: We say the parties who drove this team had a right to presume the bridge was in repair when they came to it; nevertheless, they were bound to the exercise of ordinary care, according to the circumstances, in driving upon or over it; and if they failed to exercise ordinary care, and injury resulted from their negligence, the plaintiff cannot recover.

Third: That negligence is not to be presumed from the mere happening of the accident, but the burden is on the plaintiff to show that the defendant was guilty of negligence in not keeping the bridge in safe condition for the traveling public, and in not repairing the same after due notice so to do, or after knowledge that it was out of repair and not safe to the traveler; and if the plaintiff has failed to make out such negligence on the part of the defendant, the verdict must be for the defendant.

Answer: We say to you that negligence is not to be presumed from the mere happening of the accident, but that the burden is on the plaintiff to show that the defendant was guilty of negligence is not keeping the bridge in safe condition for the traveling public, and not repairing the same after due notice so to do, or after actual knowledge of the defect, or presumed or constructive knowledge from long lapse of time since the defect arose, if so patent that it was readily discoverable by persons passing over the same, or from latent defect existing in consequence of the age of the structure and decay of timber or material which might, on examination, with ordinary care have been discovered; and if the plaintiff has failed to make out such negligence on the part of the defendant, then the verdict must be for the defendant.

Fourth: That, if the jury believe that the parties who had charge of the plaintiff's horses and carriage, by reckless driving,

or other want of reasonable care, in passing over said bridge, on their part contributed to the accident complained of, then the plaintiff cannot recover, even if there was negligence on the part of the defendant, and the verdict must be for the defendant.

Answer: We affirm this point.

That is all we have to say to you except on the question of damages. If you find for the defendant, you have nothing to do with the question of damages. If you find for the plaintiff, then he will be entitled to actual damages. Whether you find for the plaintiff or not will depend on how you shall find under the charge and the facts as we have given them to you.

*Coffroth & Ruppel* for plaintiff in error.

*F. J. Kooser & W. H. Koontz* for defendant in error.

PER CURIAM:

We have considered all the questions presented in this case. The law was declared quite as favorably for the plaintiff as could be justified. The duty of a township to keep its roads and bridges in repair was affirmed in no uncertain language. The evidence tending to prove contributory negligence on the part of the young men who drove the horses was properly received. It was well submitted to the jury. We see no error to correct.

Judgment affirmed.